IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WOLTERS, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-13-1601 |
| UNITED STATES OF AMERICA, ET AL., | : (Judge Conaboy) |
| Defendants | : |

_____

## **MEMORANDUM**
## **Background**

This pro se action which asserts both Bivens[1]-type civil rights and Federal Tort Claims Act (FTCA) claims was initiated by Andrew Wolters during his confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[2]

Named as Defendants are the United States of America and three USP-Lewisburg officials: Warden Thomas; Lieutenant Randy Johnson; Counselor Matt Edinger; as well as various John Doe

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] Wolters has notified this Court that he was transferred to the McCreary United States Penitentiary, Pine Knot Kentucky. See Doc. 61.

1

correctional officials.

Plaintiff states that he was subjected to a sexual assault by correctional officers including Lieutenant Johnson and Counselor Edinger or about September 27, 2011. Wolters also claims that Johnson used racial slurs during the purported attack. Thereafter, Plaintiff claims that he was denied proper medical treatment for his resulting serious medical injuries which included an anal fissure.

The Complaint also include vague claims of retaliation including assertions that chemical agents are being sprayed into his cell; he has been issued false misconducts; suffered loss of personal property and legal documents; and denial of medical treatment for a lung infection and shortness of breath.

Defendants have responded to Plaintiff's action by filing a motion to dismiss or in the alternative for summary judgment. See Doc. 32. Plaintiff thereafter filed a cross motion for summary judgment. See Doc. 39.

## Discussion

**Motion to Dismiss**

Defendants' pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are

2

>       presented to and not excluded by the court,
>       the motion must be treated as one for
>       summary judgment under Rule 56. All parties
>       must be given reasonable opportunity to
>       present all the material that is pertinent
>       to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendants' motion.  Thus, their motion will be treated as solely seeking summary judgment.  See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

**Plaintiff's Cross Summary Judgment Motion**

M.D. Pa. Local Rule 7.5. requires that a party who files a pretrial motion must submit a brief in support of said motion within fourteen (14) days of its being filed with the court.[3] If a supporting brief is not timely filed, "such motion shall be deemed to be withdrawn."  A review of the docket shows that Plaintiff has not submitted a brief in support of his pending summary judgment motion nor has he requested an extension of

---

[3] M.D. Pa. Local Rule 7.4 clearly states that the briefing schedule of Local Rule 7.5 is applicable to motions for summary judgment.

3

time in which to do so.

M.D. Pa. Local Rule 56.1. requires a party seeking entry of summary judgment to submit a separate, short, and concise statement of the material facts.  Once again a review of the docket shows that Wolters has not filed the required statement of material facts nor sought an enlargement of time in which to do so.

Moreover, Wolters' pending motion fails to sets forth any viable argument as to why summary judgment should be entered in his favor as a matter of law.  Since Plaintiff has failed to submit a supporting brief as required by Local Rule 7.5 or a statement of material facts as required by Local Rule 56.1, and his motion offer no basis whatsoever as to why Wolters is entitled to entry of summary judgment, his cross motion seeking entry of summary judgment (Doc. 82) will be deemed withdrawn.[4]

**Rule 56(f)**

Plaintiff's cross summary judgment also vaguely indicates that Defendants' summary judgment motion should be denied pursuant to federal Rule of Civil Procedure 56 (f) because he has not had "access to discovery."  Doc. 39, p. 2.

---

[4] While the motion includes a discussion as to the applicable standards for summary judgment motions, it does not set forth any discernible argument as to why Plaintiff is entitled to summary judgment with respect to the merits of any of his claims as a matter of law.

The Supreme Court has recognized that premature motions for summary judgment should be dealt with pursuant to the provisions of Federal Rule of Civil Procedure Rule 56 if the opposing party has not made full discovery. Celotex v. Catrett, 477 U.S. 317, 326 (1986). Specifically, Rule 56(d) provides that when facts are unavailable to the nonmovant:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may;
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, a district court has discretion to decide whether a party's summary judgment motion is ripe. Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984).

In order to preserve the issue for appeal, Rule 56(d) requires the opposing party to a motion for summary judgment to file an affidavit or declaration outlining the reasons for the party's opposition. See Galgay v. Gil-Pre Corp., 864 F.2d 1018, 1020 n.3 (3d Cir. 1988). If an opposing party makes a Rule 56(d) motion without an affidavit, the Third Circuit Court of Appeals has stated that the opposing party "must still `identify with specificity what particular information is sought; how, if

5

uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (quoting Lunderstadt, 855 F.2d at 71). The opposing party, however, must be specific and provide all three types of information required.

In the present matter, Wolters has not submitted a proper Rule 56(d) declaration. Plaintiff clearly has the right to undertake discovery for the purpose of presenting relevant factual evidence in opposition to the summary judgment arguments and supporting facts being offered by the Defendants. However, because the pro se Plaintiff has not filed a proper Rule 56(d) motion including the required declaration and has not indicated what discovery materials he requires to oppose the pending summary judgment motion his informal request will be denied.

**Defendants' Summary Judgment Motion**

Defendants assert that they are entitled to entry of summary judgment on the grounds that Plaintiff failed to exhaust his available administrative remedies with respect to both his Bivens and FTCA claims.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R.

6

Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232

(citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'"  Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

> Section 1997e(a) of title 42 U.S.C. provides:
>
> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims for monetary relief are not excused from the exhaustion requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner

has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court

9

has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d cir. 2002) (citing Nyhuis, 204 F.3d at 75. A more recent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and

prove it.[5]  Consequently, any failure by Plaintiff to allege or establish compliance with the exhaustion requirement is not by itself a sufficient basis for entry of dismissal under the criteria established in Jones and Williams.

**Bivens**

The BOP has a well established  three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10-542.19.  After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting  "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred."  See  28 C.F.R. § 542.14(a).  The Warden has twenty (20)  calendar days from the date the Request or Appeal is filed in which to respond."  See  28 C.F.R. § 542.18.  If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response.  See  28 C.F.R. § 542.15.  Finally, if the inmate

---

[5] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id.  Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of their Bivens non-exhaustion argument, Defendants have submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Michael Romano who states that a review of the BOP's computerized records systems reveals that as of November 27, 2013, Plaintiff initiated 238 grievances while incarcerated.  Five of those grievances regarded his USP-Lewisburg confinement.  See Doc. 36-1, ¶ 6.  Romano avers that four of those grievances were rejected and the fifth which apparently regarded a sexual assault was still pending at the regional level.  Moreover, that pending administrative appeal was not received at the regional level until months after the initiation of this action.

The undisputed evidence submitted by the Defendants satisfies their burden of establishing that Plaintiff did not fully exhaust his available BOP administrative remedies prior to

12

initiating this action.  Accordingly the request for entry of summary judgment with respect to the Bivens portion of this action on the basis of non-exhaustion will be granted.

**FTCA**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States.  See United States v. Muniz, 374 U.S. 150, 150 (1963).  Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts.  See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).  A plaintiff pursuing an FTCA claim must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).  The only proper Defendant for purposes of an FTCA claim is the United States of America.  See 28 U.S.C. § 2679(d).

In support of their non-exhaustion argument, Defendants rely upon the previously discussed declaration under penalty of perjury by Attorney Advisor Romano.  Attorney Romano acknowledges that Plaintiff filed a single administrative tort claim with the BOP regarding an alleged sexual assault. However, that attack purportedly occurred on January 31, 2011

13

while Wolters was confined at USP-Lee.  <u>See</u> <u>id</u>. at ¶ 9. According to Romano, Wolters did not initiate an administrative tort claim regarding a USP-Lewisburg sexual assault.

Plaintiff's Complaint indicates that he filed two administrative tort claims with the BOP's regional Counsel but that the Regional Counsel claimed he never received either of those alleged filings.  <u>See</u> Doc. 1, ¶ II.

In <u>Lightfoot v. U.S.</u>, 564 F.3d 625 (3d Cir. 2009), the Third Circuit Court of Appeals held that the requirement of presenting an administrative tort claim "means more than merely mailing the claim." <u>Id</u>. at 628.  It added that mailing is not presenting there must be receipt.  <u>See</u> <u>id</u>. Furthermore, "a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim." <u>Id</u>.  Plaintiff has not submitted any evidence whatsoever which would support his self serving claim that he filed a proper administrative tort claim.

Based upon an application of <u>Lightfoot</u> to the undisputed record, since there is evidence presented by Plaintiff to show that the BOP received an administrative tort claim regarding his alleged sexual assault while at the USP-Lewisburg, the Defendants' request for entry of summary judgment with respect to the FTCA portion of the Complaint will also be granted.  An

appropriate Order will enter.[6]


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge



DATED; AUGUST 26, 2014

---

[6] In the event Plaintiff can present evidence showing that he complied with either the Bivens or FTCA exhaustion requirements or should be excused from those mandates, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum.

16